**Affirmed as Modified; Opinion Filed October 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00895-CR

### ERRINGTON CHARLES HATCH, JR., Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F08-60670-K**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Stoddart

Errington Charles Hatch, Jr. appeals the trial court's revocation of his probation. In his first four issues, Hatch argues: (1) the trial court violated his due process rights by admitting evidence of probation violations that were not included in the State's motion to adjudicate; (2) there is insufficient evidence to show Hatch willfully failed to pay his court-ordered fees and costs; and (3) the evidence is insufficient to support the trial court's order that Hatch pay $340 in court costs. Hatch also argues the judgment should be modified to: (1) properly reflect his plea of not true; (2) correctly reflect the name of the prosecutor in the case; and (3) properly reflect Hatch did not enter a plea bargain. The State agrees the judgment should be modified. We modify the trial court's judgment and affirm the judgment as modified.

Hatch initially argues that the trial court violated his due process rights by admitting evidence of probation violations that were not included in the State's motion to revoke. A Dallas

County Probation Officer, Susan Webster, testified at the revocation hearing. During her testimony, Webster stated that the pending motion to revoke Hatch's probation was not the first motion to revoke that had been filed against him. When the State asked Webster whether many of the allegations in the two motions were similar, Hatch's counsel objected that the prior motion was not relevant. The objection was overruled and Webster testified that the initial motion to revoke alleged Hatch had produced urine specimens that tested positive for drugs. Hatch's counsel then objected that the testimony was "outside the scope"; the trial court sustained this objection.

On appeal, Hatch argues this portion of Webster's testimony violated Hatch's due process rights. However, this is not the complaint he made at the trial court when his counsel argued the testimony was not relevant. To preserve a complaint for appellate review, a party must present the trial court with a timely, specific request, objection or motion, and obtain a ruling. TEX. R. APP. P. 33.1(a). An appellate contention must comport with the specific objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). When deciding whether an appellate complaint comports with the trial complaint, we look to the context of the objection and the parties' shared understanding at the time. *See id*. Nothing in Hatch's argument in the trial court gave the trial court notice that he believed the trial court's rulings violated his due process rights. Because Hatch's complaint on appeal does not comport with his complaints in the trial court, we conclude he did not preserve his first issue for review.

In his second and third issues, Hatch argues the evidence is insufficient to show that he had the ability to pay his court-ordered fees and costs and failed to do so. We do not need to address the merits of those issues.

At a revocation hearing, the State must prove that the defendant is the same individual as is reflected in the judgment and order of community supervision, and that the individual violated

a term of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). To be sufficient to support a revocation order, the State must prove any one of the alleged violations by a preponderance of the evidence. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

In its motion to revoke Hatch's probation, the State not only alleged that Hatch failed to pay court-ordered fees and costs, but it also alleged—among other things—that Hatch failed to attend Alcoholics Anonymous/Narcotics Anonymous meetings three times per week, did not complete GED classes, did not complete antitheft classes, and had not begun serving his community service hours. Webster testified that Hatch did not fulfill these conditions. Webster's testimony was not contested and on appeal Hatch does not challenge the sufficiency of the evidence as to these points. Because we conclude the trial court could have found Hatch violated at least one term of his probation, we conclude the trial court did not err by revoking his probation. We overrule Hatch's second and third issues.

In his fourth issue, Hatch asserts the evidence is insufficient to support the trial court's order that he pay $340 in court costs because the clerk's records do not contain bills of costs. The supplemental clerk's record that is before us contains the bill of costs. Hatch's complaint has been addressed and rejected by the Texas Court of Criminal Appeals. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (holding that "a bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record"); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas, pet. ref'd). We overrule Hatch's fourth issue.

In his fifth, sixth, and seventh issues, Hatch complains three specific aspects of the trial court's judgment are incorrect. The State agrees. The judgment shows that Justin Lord prosecuted the case on behalf of the State; however, George B. Lewis, II was the prosecutor.

The judgment also shows that Hatch pleaded true to the motion to adjudicate when in fact he pleaded not true. Finally, the judgment shows Hatch entered an open plea when in fact the trial court held a hearing and heard evidence on the motion to revoke. The "terms of the plea bargain" in the judgment should be "none." We sustain Hatch's fifth, sixth, and seventh issues. We modify the trial court's judgment to show the proper name of the prosecutor, that Hatch entered a plea of not true, and there were no terms of a plea bargain. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130895F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ERRINGTON CHARLES HATCH, JR.,
Appellant

No. 05-13-00895-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F08-60670-K.
Opinion delivered by Justice Stoddart.
Justices FitzGerald and Fillmore
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **STRIKE** Justin Lord as the "Attorney for State" and **MODIFY** the judgment by adding George B. Lewis, II as the attorney for the State.

We **STRIKE** "TRUE" as being appellant Errington Charles Hatch, Jr.'s "Plea to Motion to Adjudicate" and **MODIFY** the judgment by adding "NOT TRUE" as Hatch's "Plea to Motion to Adjudicate."

We **STRIKE** "OPEN PLEA" as the "Terms of Plea Bargain" and **MODIFY** the judgment by adding "NONE" as the "Terms of Plea Bargain."

As modified, the judgment is **AFFIRMED**.

Judgment entered this 21st day of October, 2014.